

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

MALIBU MEDIA, LLC

    Plaintiff,

vs.

DOES 1-49,

    Defendants.

_____/

CASE No. 12-cv-06676

Judge Robert M Dow Jr

MOTION TO QUASH OR MODIFY SUBPOENA

FILED
OCT 24 2012
THOMAS G BRUTON
CLERK, U S DISTRICT COURT

## MOTION TO DISMISS OR SEVER FOR MISJOINDER AND MOTION TO QUASH THE SUBPOENA

Doe #34 (IP address 71.194.250.29) ("Doe Defendant"), hereby moves to dismiss or sever for misjoinder. In the alternative, Doe Defendant moves to quash the subpoena issued to his internet service provider.

### I. FACTUAL BACKGROUND

Plaintiff filed its Complaint alleging violations of its purported copyrights. After filing its Complaint, Plaintiff sought leave to conduct discovery. In pursuit of identifying information for such Defendants, Plaintiff issued subpoenas to many Internet Service Providers (ISPs), including Defendant's ISP, Comcast. In issuing the subpoenas, Plaintiff primarily relies upon an Internet Protocol (IP) address to identify each of the alleged infringers. Doe Defendant was identified by IP address 71.194.250.29. Prior to disclosing Defendant's identifying details, Comcast provided Defendant with notice of the Plaintiff's subpoena.

## II. DEFENDANT SHOULD BE DISMISSED DUE TO MISJOINDER

Doe Defendant should be severed or dismissed from the present matter, pursuant to Fed. R. Civ. P. 21. Joinder is appropriate under the Federal Rules only if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all Defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). However, even if these parameters are met, joinder is not necessarily mandatory. The Court may order separate trials to protect any party against "embarrassment, delay, expense, or other prejudice." Fed. R. Civ. P. 20(b). The Court is permitted to sever improperly joined parties at any time, as long as the severance is on just terms and the entire action is not dismissed outright. Fed. R. Civ. P. 21. Furthermore, a decision to sever may be made on the Court's own motion or on a party's motion. Id.

In this case, Plaintiff is attempting to improperly join numerous individuals in a single action. Courts have regularly questioned the propriety of joinder in other file-sharing cases brought against pseudonymous Defendants. Specifically:

> "It appears that the majority of district courts who have addressed the issue of joinder and were faced with the same allegations to connect doe Defendants in other music downloading lawsuits have concluded that those allegations were insufficient to satisfy the transactional requirement of Fed. R. Civ. P. 20(a)(2) and that joinder was therefore improper."

Arista Records LLC, 589 F. Supp. 2d 154 (D. Conn. 2008) (citing Arista Records, LLC v. Does 1-11, No. 07-2828, 2008 U.S. Dist. LEXIS 90183, 2008 WL 4823160 (N.D. Ohio Nov. 3, 2008)). One recent decision reviews some of the numerous cases where courts have determined that these types of cases cannot be maintained:

> ". . . joinder of multiple defendants under Rule 20. *See, e.g., Laface Records, LLC v. Does 1 - 38,* 2008 U.S. Dist. LEXIS 14544 (E.D.N.C. Feb. 27, 2008) (ordering the severance of claims against thirty-eight defendants where plaintiff alleged each

defendant used the same ISP as well as the same peer-to-peer network to commit the alleged copyright infringement, but there was no assertion that the multiple defendants acted in concert); *Interscope Records v. Does 1-25*, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended sua sponte severance of multiple defendants in action where only connection between defendants was allegation that they used same ISP and peer-to-peer network to conduct copyright infringement); *see also BMG Music v. Does*, 2006 U.S. Dist. LEXIS 53237, No. 06-01579 (Patel, J.) (N.D. Cal. July 31, 2006) (finding improper joinder of four Doe defendants where the complaint alleged that each defendant used the same ISP to engage in distinct acts of infringement on separate dates at separate times, and there was no allegation that defendants acted in concert); *Twentieth Century Fox Film Corp. v. Does 1-12*, No. C 04-04862 WHA (N.D. Cal. Nov. 16, 2004) (Alsup, J.) (severing twelve Doe defendants in a copyright infringement case where although defendants used the same ISP to allegedly infringe motion picture recordings, there was no allegation that the individuals acted in concert); *cf. In the Matter of DIRECTV,INC.* 2004 U.S. Dist. LEXIS 24263, No. 02-5912 (Ware, J.) (N.D. Cal. July 26, 2004) (severing and dismissing hundreds of defendants in a case alleging that defendants purchased and used modified access cards and other pirate access devices to permit view of plaintiff's programming without authorization)."

Boy Racer, Inc. v. Does 1-60, Case No. 3:11-cv-01738 *2 (N.D. Cal. Aug 19, 2011).

Plaintiff in this matter will no doubt argue that a smaller number of defendants, located within the proper jurisdiction, within the purported "swarm" and within a smaller window of time will be sufficient to preclude severance of the matter. Even where a Plaintiff makes an allegation that there was some coordinated action; it is hard to imagine a situation where such an allegation would be maintained. A brief review of the exhibit referencing the IP addresses at issue in this case demonstrates that the purported "coordinated activity" happened in a time period ranging from June 6, 2012 to August 4, 2012 among 48 potential infringers. The suggestion that 48 people located across the state over a period of approximately 60 days, with purported infringements at all hours of the night and day, would somehow be "coordinated" in their infringements is seriously suspect. Magistrate Judge Spero in the Northern District of California evaluated a similar claim:

> "Under the BitTorrent Protocol, it is not necessary that each of the Does 1-188 participated in or contributed to the downloading of each other's copies of the work at issue—or even participated in or contributed to the downloading by any of the Does

> 1-188. Any 'pieces' of the work copied or uploaded by any individual Doe may have gone to any other Doe [but also] *to any of the potentially thousands who participated in a given swarm.*"

Hard Drive Productions, Inc. v. Does 1-84, 2011 WL 3740473, at *13 (N.D. Cal. Aug. 23, 2011) (emphasis in original). Magistrate Judge Spero went on to properly conclude that this pattern of usage did not amount to the same transaction, occurrence, or series of transactions or occurrences, for purposes of Rule 20.[1] Id.

Finally, and perhaps most importantly, Defendant would be heavily prejudiced by the incredible number of infringement and defense arguments that a jury would be required to consider at trial. One court considered the possibilities:

> "Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . . Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants."

BMG Music v. Does 1-203, Case No. 04-650, 2004 WL 953888, *1 (E.D. Pa. Apr. 2, 2004). Numerous other courts have followed suit, finding that "mere allegations that Doe Defendants have used the same peer-to-peer network to copy and reproduce their videos is insufficient to meet the standards of joinder." Hard Drive Prods. v. Does, 2011 U.S. Dist. LEXIS 119333, 9-10 (E.D. Va. Oct. 17, 2011) (citing Millennium TGA, Inc. v. Does 1-21, No. 11-2258, 2011 U.S. Dist. LEXIS 53465, at *6-7 (N.D. Cal. May 12, 2011); see also K-Beech, Inc. v. John Does 1-85, No. 11-00469 (E.D. Va. Oct. 5, 2011) (attached as Exhibit #1). Both courts went on to sever all but one John Doe from the proceeding.[2] Id.

---

[1] Judge Crotty came to a different conclusion, allowing joinder at the time of the ruling, in Digiprotect USA Corp. v. Does 1-240, 2011 WL 4444666 (S.D.N.Y. Sept. 26, 2011).

[2] It is fair to note that some courts have found joinder appropriate in similar circumstances. See, e.g., Call of the Wild Movie, LLC v. Does 1-1,062, 770 F. Supp. 2d 332 (D.D.C. 2011); K-Beech, Inc. v. Does 1-57, 2011 WL 5597303 (M.D. Fla. Nov. 1, 2011); MCGIP, LLC v. Does 1-18, 2011 WL 2181620 (N.D. Cal. June 2, 2011).

Several courts have even gone so far as to suggest that Rule 11 sanctions[3] might apply for the attempted joinder of numerous Defendants in cases involving similar fact patterns,. See Arista Records, LLC v. Does 1-27, No. 07-162, 2008 U.S. Dist. LEXIS 6241, 2008 WL 222283, at *6 n.5 (D. Me. Jan. 25, 2008); see also K-Beech, No. 11-00469, slip op. at 4-5. The K-Beech court addressed the issue in some detail:

> "The Court also finds that the plaintiff should be required to show cause why certain conduct does not violate Rule 11 of the Federal Rules of Civil Procedure... The plaintiffs sought, and the Court granted, expedited discovery allowing the plaintiffs to subpoena information from ISPs to identify the Doe defendants. [T]he plaintiffs then contacted the John Does, alerting them to this lawsuit and their potential liability. Some defendants have indicated that the plaintiff has contacted them directly ... demanding [thousands of dollars] in compensation to end the litigation ... This course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The plaintiffs' conduct in these cases indicates an improper purpose for the suits. In addition, the joinder of unrelated defendants does not seem to be warranted by existing law or a non-frivolous extension of existing law."

Id. at 4-5. The conduct explained in the K-Beech matter is exactly the conduct occurring here. Plaintiff's attorneys regularly send demand letters or make demand calls to identified defendants demanding as much as $5,000 to settle the case to avoid the specter of a lawsuit. Upon receipt of such letters, recipients are faced with the unenviable position of potentially defending an expensive lawsuit on the merits or paying a smaller amount of money to "make it go away." As Judge Gibney explains in K-Beech, coercion of payments from unsuspecting Doe defendants is an "improper purpose" for such suits. K-Beech, No. 11-00469, slip op. at 4-5. Joinder rules exist to maintain a minimal level of sanity in a litigation proceeding. Alleging that numerous Doe Defendants, located across the state, have infringed any number of works is exactly the type of situation that joinder rules intend to avoid. Doe Defendant should accordingly be severed or dismissed from the present matter.

---

[3] Doe Defendant is not seeking sanctions against Plaintiff or its counsel, but feels obligated to point out that several courts have considered Rule 11 sanctions in similar scenarios.

### III. THE SUBPOENA SHOULD BE QUASHED

Even where Doe Defendant is not otherwise dismissed from this matter, the subpoena issued to the Internet Service Provider should be quashed.

Fed. R. Civ. P. 45(c)(3)(A)(iv) provides that no person shall be subject to a subpoena that imposes an "undue burden." Furthermore, the Federal Rules dictate that a court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause. Fed. R. Civ. P. 26(c). In determining an "undue burden," a court generally examines "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." Flatow v. Islamic Republic of Iran, 196 F.R.D. 203, 206 (D.D.C. 2000), vacated in part and affirmed in part on other grounds, 305 F.3d 1249 (D.C. Cir. 2002).

First and foremost, Plaintiff ignores the fact that "IP subscribers are not necessarily copyright infringers." VPR Internationale v. Does 1-1017, 2011 U.S. Dist. LEXIS 64656 (C.D. Ill. Apr. 29, 2011). The VPR Internationale court goes on to explain that while "an IP address might actually identify an individual subscriber and address the correlation is still far from perfect . . . The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." Id.
Requesting subscriber information that may or may not be the alleged copyright infringer annoys the non-infringer and almost certainly leads to attorney's fees and costs, regardless of whether the subscriber infringed the work. In addition, the request burdens a third party ISP with a request for information about an act that may or may not be actionable against Doe Defendant.

More importantly, as discussed, any release of information to the Plaintiff will undoubtedly lead to a flurry of demand letters sent to all of the Doe defendants. These letters regularly allege copyright infringement and demand substantial cash payments to avoid the specter of further litigation. Plaintiff should not be granted a license to burden or harass alleged infringers in this manner given the fact that many, if not most, of the ISP subscribers are not infringing the Plaintiff's works. The subpoena referencing Doe Defendant should accordingly be quashed.

## IV. CONCLUSION

Given all the foregoing, Doe Defendant #34 should be dismissed or severed from the present proceeding based on misjoinder. Alternatively, the subpoena should be quashed.

Respectfully submitted,

John Doe #34

71.194.250.29

intentshortestcontroller@hotmail.com