EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
CP PRODUCTIONS, INC.,          )
                               )
          Plaintiff,           )
                               )
     v.                        )     No. 10 C 6255
                               )
DOES 1-300,                    )
                               )
          Defendants.          )
```

MEMORANDUM OPINION AND ORDER

This Court's February 7, 2011 memorandum order ("Order"), issued sua sponte, began by stating:

> As the caption of this action suggests, it is an understatement to characterize it as problematic in nature.

Because more than one aspect of the Complaint, as the Order went on to say, "plainly has the potential to perpetrate the type of abuse identified in the most recent motion to quash and, indeed, the motion to quash filed earlier by a Tennessee lawyer who lists herself as 'Attorney for Doe 300,'" this Court complied with the mandate of Fed. R. Civ. P. ("Rule") 4(m) by dismissing the action without prejudice against all 300 putative defendants.

Counsel for plaintiff CP Productions, Inc. ("CP") promptly countered with a motion seeking reconsideration of the dismissal order.[1] This Court reviewed counsel's contentions and continued

---

[1] Counsel's filing of that motion on the very next day after the Order was entered suggests that counsel was well aware of the action's problematic nature and had already marshaled arguments intended to meet the obvious problems that it appeared to present.

the motion to April 14 to see what developments might cast further light on the matter.

Now a new motion to quash, filed by another of the "Doe" defendants (obviously a lawyer or well acquainted with legal principles), has provided chapter and verse to demonstrate why this Court was correct the first time around. It is unnecessary to set out all the reasons that dismissal of this action is the proper course--a few of the principal difficulties will suffice.

Among other things, the newest motion demonstrates that there is no justification for dragging into an Illinois federal court, on a wholesale basis, a host of unnamed defendants over whom personal jurisdiction clearly does not exist and--more importantly--as to whom CP's counsel could readily have ascertained that fact. Moreover, if the 300 unnamed defendants have in fact infringed any CP copyrights (something that this Court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap--if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.[2]

---

[2] It would constitute a real stretch of the normal meaning of language for CP to call Rule 20(a)(2)(A) into play as the asserted predicate for lumping its separate asserted claims into

2

As if those things were not enough to call for dismissal (and they are), CP's placement of venue in this judicial district is more than suspect. CP itself is an Arizona-based Arizona corporation, and Complaint ¶7 is totally (and unpersuasively) speculative in its assertions as to venue regarding the "Doe" defendants (see 28 U.S.C. §1391(b)).

As indicated earlier, there is more, but this Court sees no need "[t]o gild refined gold, to paint the lily."[3] This Court denies CP's motion for reconsideration, vacates the April 14 status hearing date and orders the subpoena issued to the Internet Service Provider ("Provider") to be quashed. In addition, CP is ordered to direct the Provider to notify (at CP's expense) all those to whom the Provider has previously given notice of CP's subpoena issued to the Provider of (1) the fact of this dismissal and (2) the fact that the Provider will take no further action in connection with the now-quashed subpoena, so that those persons are free to ignore the matter.[4]

                                                             _____
                                                             Milton I. Shadur
                                                             Senior United States District Judge

Date: February 24, 2011

---

a single lawsuit.

   [3] William Shakespeare, King John act 4, sc. 2, line 11.

   [4] This order is without prejudice to CP's possible pursuit of its copyright infringement claims on an individual basis.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CP PRODUCTIONS, INC.,       )
                            )
            Plaintiff,      )
                            )
    v.                      )    No.  10 C 6255
                            )
DOES 1-300,                 )
                            )
            Defendants.     )

MEMORANDUM ORDER

As the caption of this action suggests, it is an understatement to characterize it as problematic in nature. It was filed more than four months ago (on September 29, 2010), so that the time prescribed for service on each of the 300 anonymous putative defendants under Fed. R. Civ. P. ("Rule") 4(m) has expired. Moreover, the few developments that have taken place since the action's filing--most recently a motion to quash filed by one of the "Doe" defendants--tend to confirm that this lawsuit is not an appropriate vehicle for the accomplishment of the goal stated in Complaint ¶1:

> This action has been filed by Plaintiff to combat the willful and intentional infringement of its copyrighted creative works and includes a civil claim for copyright infringement. Defendants, whose names Plaintiff expects to ascertain during discovery, illegally reproduced and distributed Plaintiff's copyrighted creative works via computer networks and upon information and belief continue to do the same.

Instead the course of action chosen by counsel for CP Productions, Inc. plainly has the potential to perpetrate the type of abuse identified in the most recent motion to quash and,

indeed, the motion to quash filed earlier by a Tennessee lawyer who lists herself as "Attorney for Doe 300."

Accordingly this Court complies with the mandate of Rule 4(m) by dismissing this action without prejudice against <u>all</u> defendants. Counsel for CP Productions, Inc. is notified that no motion for reconsideration of this order will be entertained in the absence of an appropriate showing of justification for such reconsideration.[1]

                                        _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: February 7, 2011

---

[1] This order of dismissal moots the current motion to quash (Dkt. 25), which is therefore denied on that basis.

2

Case: 1:12-cv-06676 Document #: 16-1 Filed: 10/25/12 Page 7 of 8 PageID #:106
Case: 1:10-cv-06255 Document #: 33 Filed: 03/02/11 Page 1 of 2 PageID #:100

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 C 6255 | DATE | 3/2/2011 |
| CASE TITLE | CP Productions, Inc. Vs. Does 1-300 | | |

**DOCKET ENTRY TEXT**

CP's counsel is ordered to appear in court on March 9, 2011 at 9:00 a.m. Counsel will be expected to discuss what steps should be taken to apprise all of the targeted "Doe" defendants that they will not be subject to any further trouble or expense as a result of this ill-fated (as well as ill-considered) lawsuit.

■[ For further details see text below.]     Docketing to mail notices.

### STATEMENT

    This Court has received still another motion by a "Doe" defendant to quash a subpoena in this ill-considered lawsuit filed by CP Productions, Inc. ("CP") against no fewer than 300 unidentified "Doe" defendants – this one seeking the nullification of a February 11, 2011 subpoena issued to Comcast Communications, LLC. This Court's February 24, 2011 memorandum opinion and order has already sounded the death knell for this action, which has abused the litigation system in more than one way.

    But because the aggrieved Doe defendants continue to come out of the woodwork with motions to quash, indicating an unawareness of this Court's dismissal of this action,[1] CP's counsel is ordered to appear in court on March 9, 2011 at 9:00 a.m. Counsel will be expected to discuss what steps should be taken to apprise all of the targeted "Doe" defendants that they will not be subject to any further trouble or expense as a result of this ill-fated (as well as ill-considered) lawsuit.

---

[1] At the end of the current motion, the verification by "John Doe" reflects its execution on February 24. Although that date coincides with the date of the opinion referred to in the text, this Court had actually entered an order of dismissal earlier, followed by a motion for reconsideration filed by CP.

| | |
|---|---|
| Courtroom Deputy Initials: | SN |