UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 1:12-cv-06676 |
| ) | |
| v. ) | |
| ) | |
| JOHN DOES 1-49, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT JOHN DOE #29's MOTION TO QUASH OR MODIFY SUBPOENA [DKT. #20]**

I.  **INTRODUCTION**

Plaintiff respectfully requests the Court deny Defendant's Motion because Defendant has not provided a valid reason for the Court to vacate its prior correct order and Plaintiff has established good cause to subpoena Doe 29's ISP. "While we would like to think that everyone obeys the law simply because it is the law and out of a sense of obligation, we also know that laws without penalties may be widely ignored."[1] Plaintiff has suffered great harm due to infringements committed by thousands of residents in this District and has no option but to file these suits to prevent the further widespread theft of its copyright. "Because of the very nature of internet infringement, it is often the case that a plaintiff cannot identify an infringer in any way other than by IP number. Given the substantial federal policy underlying copyright law, it would be a travesty to let technology overtake the legal protection of that policy." Malibu Media, LLC v. John Does 1-34, 1:12-cv-01188-JES-JAG, (C.D. Ill. Aug. 1, 2012) Order DE #6.

---

[1] Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary 108th Cong. (2003) available at http://www.copyright.gov/docs/regstat090903.html

1

The Honorable Magistrate Judge Cudmore of the Central District recently denied a similar motion to vacate. See <u>Patrick Collins, Inc. v. John Does 1-9</u>, No. 12-CV-3161 (C.D. Ill. Sept. 18, 2012). In the opinion, Judge Cudmore expressly distinguished <u>VPR Internationale v. Does 1-1017</u>, 11-2068, 2011 WL 8179128 (C.D. Ill. Apr. 29, 2011) on which Defendant heavily relies, and refused to vacate a prior order granting plaintiff leave to serve subpoenas on defendants ISPs prior to a Rule 26(f) conference noting that <u>VPR Internationale</u> was "significantly different."

Both the Eighth and Second Circuits, the only circuits to rule on the issue, have approved the use of Rule 45 subpoenas in on-line infringement cases to identify anonymous Doe Defendants. The Eight Circuit held "organizations such as the RIAA can file a John Doe suit, along with a motion for third-party discovery of the identity of the otherwise anonymous 'John Doe' defendant." <u>In re Charter Communications, Inc., Subpoena Enforcement Matter</u>, 393 F.3d 771, FN3 (8th Cir. 2005). Similarly, in <u>Arista Records, LLC. v. Doe 3</u>, 604 F.3d 110 (2d Cir. 2010) the Second Circuit upheld the District Court's denial of a motion to quash after Arista obtained leave "to serve a subpoena on defendants' common ISP, the State University of New York at Albany." By so holding, the Second Circuit approved the process of issuing a Rule 45 subpoena to an ISP to identify anonymous Doe Defendants.

At this stage of the litigation process, Plaintiff has no other option but to file suit against the owners of these IP addresses to obtain the infringers identity. If this Court were to follow Defendant's rationale, Plaintiff would have no recourse against the mass copyright infringement it suffers on a daily basis. Accordingly, this Court should deny the subject motion.

## II.  THIS COURT SHOULD NOT RECONSIDER ITS ORDER

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Keene Corp. v. Int'l Fid. Ins. Co., 561 F. Supp. 656, 665 (N.D. Ill. 1982) aff'd, 736 F.2d 388 (7th Cir. 1984) and aff'd, 735 F.2d 1367 (7th Cir. 1984). "[T]his Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). Here there has been no manifest error of law or fact and Defendant has not presented any newly discovered evidence which would warrant vacating the Court's prior Order. Defendant's argument rests substantially on unsupported accusations based upon the actions of parties in unrelated cases and accordingly, Defendant's motion should be denied.

### A. Plaintiff Demonstrated Good Cause to Take Early Discovery

This Court has previously determined that Plaintiff established good cause to issue a Rule 45 subpoena on Defendant's ISP and granted Plaintiff limited discovery because Plaintiff has no other way to identify the Defendants and proceed with its copyright infringement case against them. "The information is crucial; this action cannot proceed until Plaintiff learns the Defendants' identity so they may be served with process." Malibu Media, LLC v. John Does 1-9, 1:12-cv-01280-JES-JAG, (C.D. Ill. Sept. 4, 2012) Order DE #5.

Defendant relies on VPR Internationale v. Does 1-1017, 2:11-cv-02068, (C. Ill. April 29, 2011) to support his theory that Plaintiff has not established good cause to subpoena Defendant's ISP. See Def's Mot. VPR Internationale involved 1,017 defendants grouped into one case, and lacked proper personal jurisdiction and venue. "VPR Internationale did not allege that any of the 1,017 IP addresses had been used to upload or download the same unique copy of . . . [the]

3

works." Patrick Collins, Inc. v. John Does 1-9, No. 12-CV-3161 (C.D. Ill. Sept. 18, 2012). VPR Internationale also failed to identify "even one IP address that was used within the District to infringe on one of its copyrights." Id. Thus in that case, "the request for authority to issue subpoenas . . . was little more than a fishing expedition and an abuse of the discovery process." This case does not suffer from the same procedural problems. Here there are fewer IP addresses, all of which have been "traced to addresses within this District," and all of which were "used to download and upload the same unique copy of the work." Id.

      Defendant also relies on the Eastern District of New York opinion where Judge Brown questioned the likelihood the infringer was the owner of the IP Address. See Def's Mot. Plaintiff respectfully disagrees with Magistrate Judge Brown's opinion because recent technological advances make it more likely that a wireless account will be secured and can easily be traced to a household where the subscriber either is the infringer or knows the infringer. Recently, PC Magazine published an article regarding the scarcity of open wireless signals. "These days, you are lucky to find one in 100 Wi-Fi connections that are not protected by passwords of some sort."[2] The author continues to explain why routers are now more likely to be secured. "The reason for the change is simple: the router manufacturers decided to make users employ security with the set-up software. As people upgrade to newer, faster routers, the wide-open WiFi golden era came to an end."[3] This article, published on March 26, 2012, runs contrary to Judge Brown's assertions and supports the idea that most households have closed, protected wireless routers that are not likely to be used by a neighbor or interloper.

      Further, an individual using Defendant's IP address illegally downloaded Plaintiff's copyrighted work. Even assuming it was not the Defendant, under the broad discovery provided

---

[2] See Free Wi-Fi is Gone Forever www.pcmag.com/article2/0,2817,2402137,00.asp.
[3] Id.

by the Federal Rules, the subscriber's information is still highly relevant because the subscriber is the most obvious person to identify who has used his or her internet service. Judge Cudmore expressly found that the subpoenaed information is relevant and likely to lead to the identity of the infringer, whether or not it is the subscriber.

> <u>Relevance is a broad concept at the discovery phase</u> . . . The <u>identity of the customers associated with the Alleged IP Addresses is relevant under this standard.</u> The customers may know who used the Alleged IP Address at issue or whether some spoofing occurred. The identity of the customer is also likely to lead to any neighbor or other person who may have illegally connected to the customer's wireless technology. <u>The subpoenas to the ISP, therefore, are a proper use of discovery.</u>

<u>Id.</u> (emphasis added).

Other district courts agree. "[E]ven assuming *arguendo* that the subscribers' name and information is not the actual user sought, we are of the opinion that it is reasonable to believe that it will aid in finding the true identity of the infringer and, therefore, we find that it is relevant. This is especially true, as in this case, where there is no other way to identify the proper defendants and proceed with claims against them." <u>Malibu Media, LLC v. John Does 1-15</u>, CIV.A. 12-2077, 2012 WL 3089383 (E.D. Pa. July 30, 2012). While, as Defendant suggests, this process may not be 100% accurate, it is the most accurate and likely way to identify the person responsible for the use of that IP address. Indeed, it is the only way to enforce one's copyrights against online infringement. Without this ability, copyright owners would have no recourse against infringement on the internet.

If the Court were to follow Defendant's rationale, copyright holders would be unable to bring actions for copyright infringement on the Internet. This holding would be contrary to the express policy of Congress. Congress enacted the Digital Theft Deterrence Act of 1999 to deter online infringement by increasing the penalties therefore. See <u>Sony v. Tennenbaum,</u> 660 F.3d

5

487, 497 (1st Cir. 2011) (citing the Congressional record and holding that non-commercial individuals commit infringement by distributing copyrighted works online). The Supreme Court has held file sharing of copyrighted works is infringement. See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd. 545 U.S. 913, 125 S.Ct. 2764 (2005). Two circuit courts opined that Rule 45 subpoenas may be used to identify online copyright infringers. See In re Charter Communications, Inc. Subpoena Enforcement Matter, 393 F.3d 771, 774 (8th Cir. 2005); Arista Records, LLC. v. Doe 3, 604 F.3d 110 (2d Cir. 2010). The Register of Copyrights testified before Congress that entertainment companies have the right to sue for peer to peer infringement and they should not apologize for doing so.[4] Courts unanimously hold that Plaintiff's First Amendment right under the Petition clause to bring a suit for infringement outweighs any First Amendment right proffered by an alleged infringer. See e.g., Sony Music Entertainment, inc. v. Does 1-40, 326 F.Supp.2d 556 (S.D.N.Y. 2004) (and the cases citing thereto).

### B. Plaintiff's Technology is Reliable

It is indisputable that Plaintiff's technology identified the IP addresses responsible for infringing Plaintiff's work. Plaintiff's investigator testifies to this in his declaration in support of Plaintiff's Motion for Leave, as well as clearly explaining the process for identifying the IP addresses and including supporting exhibits detailing how the technology works. Doc. 6. Plaintiff's investigator, IPP Limited, established a direct one to one connection with Defendant's internet and received a piece of the copyrighted movie.

Further, Plaintiff uses the same process when identifying infringers as Federal Law Enforcement uses to identify cyber crimes. In a Statement of Deputy Assistant Attorney General

---

[4] Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary 108th Cong. (2003) available at http://www.copyright.gov/docs/regstat090903.html

Jason Weinstein before the Senate Judiciary on Privacy, Technology and the Law, he discusses how Federal law enforcement use IP addresses to identify an individual.

> When a criminal uses a computer to commit crimes, law enforcement may be able, through lawful legal process, to identify the computer or subscriber account based on its IP address. This information is essential to identifying offenders, locating fugitives, thwarting cyber intrusions, protecting children from sexual exploitation and neutralizing terrorist threats.[5]

### C. The Requested Discovery is Not Overbroad

Plaintiff's subpoenas request only the minimum information necessary to proceed with its copyright infringement claim. Plaintiff believes it is proper to be able to efficiently communicate with the Defendants regarding the lawsuit prior to service. This request is not unreasonable. Indeed, it is standard for parties to discuss their claims before a defendant is served with a complaint. If a defendant does not wish to be contacted by Plaintiff, Plaintiff will not contact them. Withholding a Defendant's telephone number or email address will only inhibit Plaintiff's efforts in proceeding with its claims and delay final resolution with the Defendant.

### D. Plaintiff Intends to Litigate

Currently, Plaintiff is in the process of naming and serving Defendants throughout the country in order to pursue its claims against them. See e.g. Malibu Media, LLC v. Janusz Siembida 1:12-cv-07031 (N.D. Ill. Sept. 4, 2012); Malibu Media, LLC v. Sharon Detweiler, 2:12-cv-04253-ER (E.D. Pa. July 26, 2012); Malibu Media, LLC v. Todd Vancamp, 2:12-cv-13887-PDB-DRG (E.D. Mich. Sept. 4, 2012). Ultimately, the only way that this BitTorrent action may proceed to further stages of the litigation process is for Plaintiff to learn the identities of the Doe Defendants. The subpoenaed information sought by Plaintiff is clearly relevant to

---

[5] Statement of Deputy Assistant Attorney General Jason Weinstein Before the Senate Judiciary Subcommittee on Privacy, Technology and the Law available at www.justice.gov.

this suit as Plaintiff must be able to specifically identify the Doe Defendants in order to properly serve them with process in this copyright infringement action.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

Dated: November 8, 2012

        Respectfully submitted,
        NICOLETTI & ASSOCIATES, PLLC

By:   /s/ *Paul J. Nicoletti*
        Paul J. Nicoletti, Esq. (P44419)
        36880 Woodward Ave, Suite 100
        Bloomfield Hills, MI 48304
        Tel: (248) 203-7800
        Fax: (248) 203-7801
        E-Fax: (248) 928-7051
        Email: paul@nicoletti-associates.com
        *Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   /s/ *Paul J. Nicoletti*