**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2012 C 6676 |
| | ) | |
| JOHN DOES 1-49, | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendants. | ) | |

**JOHN DOE NO. 35'S REPLY IN SUPPORT OF
MOTION TO SEVER AND DISMISS
AND
MOTION TO QUASH THE OUTSTANDING SUBPOENA**

**NOW COMES** the Defendant, John Doe No. 35, by and through his attorney, Alan Garrow of Nealis & Garrow, P.C., and as his Reply in Support of Motion to Sever and Dismiss and Motion to Quash the Outstanding Subpoenas, states as follows:

**IMPROPER JOINDER**

Joinder is appropriate under Rule 20 only if:

(A)  any right to relief is asserted against them jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B)  any questions of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a)(2).

However, joinder is not mandatory and the Court may order separate trials to protect any party against "embarrassment, delay, expense, or other prejudice."

1

Fed.R.Civ.P. 20(b). Under Rule 21, the Court may also sever improperly joined parties *sua sponte* or on the motion of a party.

In CP Productions, Inc. v. Does 1-300, No. 2010 CV 6255, (N.D. Illinois, February 24, 2011, Judge Milton Shadur) this Court held:

> If the 300 unnamed defendants have in fact infringed any copyrights (something that this Court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap – if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000.00 rather than $350.00.

Later, Judge Shadur writes about such Plaintiffs' abuse of the litigation system "in more than one way" with its "ill-considered" lawsuit:

> This Court has received still another motion by a "Doe" defendant to quash a subpoena in this ill-considered lawsuit filed by CP Productions, Inc. ("CP") against no fewer than 300 unidentified "Doe" defendants – this one seeking the nullification of a February 11, 2011 subpoena issued to Comcast Communications, LLC. This Court's February 24, 2011 Memorandum Opinion and Order has already sounded the death knell for this action, which has abused the litigation system in more than one way. But because the aggrieved Doe Defendants continue to come out of the woodwork with motions to quash, indicating an unawareness of this Court's dismissal of this action, CP's counsel is ordered to appear in court on March 9, 2011 at 9:00 a.m. Counsel will be expected to discuss what steps should be taken to apprise all of the targeted "Doe" defendants that they will not be subject to any further trouble or expense as a result of this ill-fated (as well as ill-considered) lawsuit." CP Productions, Inc. v. Does 1-300, No. 2010 CV 6255 (dismissed ALL John Doe defendants).

In another Bit-Torrent case in Illinois, Judge Harold Baker writes in denying the motion for expedited discovery:

2

> Plainly stated, the Court is concerned that the expedited *ex parte* discovery is a fishing expedition by means of a perversion of the purpose of and intent of Fed.R.Civ.P. 23. <u>VPR Internationale v. Does 1-1017</u>, No. 2011 CV 2068 (C.D. Ill. April 29, 2011).

Clearly, the Plaintiff's joinder of 49 Doe Defendants in this single action is improper and runs the tremendous risk of creating unfairness and denying individual justice to those sued. In this case, the IP addresses at issue show that the purported "coordinated activity" happened during a time period ranging from June 6, 2012 to August 4, 2012 and among 49 purported infringers. It is beyond logic how 49 Doe Defendants located in various geographical areas, over a period of approximately 60 days, with purported infringements at all hours of the day and night, somehow acted in concert. The alleged pattern of usage does <u>not</u> amount to the same transaction, occurrence, or series of transactions or occurrences for purposes of Rule 20.

Moreover, joinder based on separate but similar behavior by individuals allegedly using the internet to commit copyright infringement has already been rejected by Courts across the country. An IP account holder cannot be held liable simply by the fact that his internet access was identified in connection with the alleged infringing download. This being so, where a Doe Defendant had neither intent nor knowledge of the passage of the infringing material through his internet access, no liability can attach to him merely as the account holder of such internet access. <u>Perfect 10, Inc. v. Cybernet Ventures, Inc.</u>, 213 F.Supp.2d 1146 (C.D. Cal. 2002). Moreover, the information linked to

an IP address does not provide the identity of the infringer and accordingly the Subpoena seeks information that is not discoverable or relevant.

Again Judge Milton Shadur ruled based on an analysis from the Michigan Law Review, for the case <u>Malibu Media v. John Does No. 1-25</u>, Case No. 12 C 7578, and stated as follows:

> This Court advised Malibu's counsel that the just-published issue of the Michigan Law Review had included a comprehensive and well-informed student note ("The Case Against Combating BitTorrent Piracy Through Mass Joe Doe Copyright Infringement Lawsuits" 111 Mich.L.Rev. 283 (2012)) that dealt directly with the problems posed by this and similar lawsuits targeting multiple "John Doe" defendants."

In particular, Judge Shadur read this excerpt from pages 292-93:

> When considering whether John Does have been properly joined, judges should require plaintiffs to plead facts sufficient to show that the defendants were not only part of the same swarm, but that they were part of the same swarm at the same time as one another. If plaintiffs fail to satisfy this standard, expedited discovery should be denied and the improperly joined defendants should be severed from the action. Generally, this means that a plaintiff would be unable to joint every member of a swarm that exists for a protracted period of time. Rather, the plaintiff would have to show that all the defendants downloaded the copyrighted work over a short enough period of time to support a probable inference that all the defendants were present in a swarm at the same time. Such a time period would usually span hours rather than days or months.

Therefore, using the analysis cited by Judge Milton Shadur from the Michigan Law Review, each John Doe in this case could not have been part of the same swarm at the same time as one another and these John Doe Defendants have been improperly joined.

Another recent case in the Southern District of Florida found similar issues with a mass joinder BitTorrent case. On July 19, 2012, Judge Patricia A. Seitz disagreed with BitTorrent Swarm Theory and held as follows:

> Plaintiff claims that downloading and sharing pieces of a file, which contributes to the chain of data distribution" justifies permissive joinder. Having carefully examined the Complaint and the relevant legal authorities, the Court disagrees with Plaintiff's contentions. The Doe Defendants' decision to obtain the BitTorrent protocol and download the same video does not in and of itself constitute the same transaction, occurrence or series of transactions or occurrence. This is because the BitTorrent protocol facilitates the transactions between users, and much of the BitTorrent protocol operates invisibly to the user-after downloading a file, subsequent uploading takes place automatically if the user fails to close the program.
>
> Therefore, aside from purportedly downloading the same video using a BitTorrent protocol, there is nothing that connects all of the Doe Defendants to each other." See Hard Drive Prods. Inc., 809 F.Supp.2d at 1163.

and

> Highly factual assumptions underlie plaintiffs' contention that these cases satisfy the Rule 20 requirements for joinder. By way of example, Plaintiffs assert that the John Does were "acting in concert with each other", "working together", and "directly interacted and communicated with other members of that swarm." See, e.g., Malibu 26, Complaint ¶¶ 10, 33, 34. Much of the BitTorrent protocol operates invisibly to the user – after downloading a file, subsequent uploading takes place automatically if the user fails to close the program. Exhibit D to the complaints, which allegedly documents the "interactions" between defendants, is a page of machine instructions which clearly demonstrate that the user plays not role in these interactions. Indeed, "[t]he bare fact that Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world." Hard Drive Prods., Inc. v. Does 1-188, 809 F.Supp.2d 1150, 1163 (N.D. Cal. 2011).

The Plaintiff has also failed to provide the Court with the initial seeder of the allegedly infringed material. A swarm requires more than one individual

computer to function. The initial seeder is the individual that placed the file to be shared on the internet through the BitTorrent to begin with. The alleged infringement is impossible without an initial seeder.

Plaintiff argues that the investigation company IPP, Limited ("IPP") and software referred to as "INTERNATIONAL IPTRACKER V1.2.1, was used to identify the IP addresses that are being used by those people that are using the BitTorrent protocol and the internet to reproduce, distribute, or display Plaintiff's material. Plaintiff's investigation company, IPP, was purportedly previously known as GuardaLey, Ltd. While it had that name, it was accused of being the initial seeder for swarms. IPP has also been shown to provide unreliable software and often is involved in the very sharing of the files at issue. In other words, IPP may actually be providing the mechanism for John Does to purportedly receive the material, and thereby create a pool of individuals to exploit a "settlement".

Clearly, under these circumstances the Motion to Sever and Dismiss should be granted.

## **THE SUBPOENA SHOULD BE QUASHED**

Disclosure under such subpoenas almost always results in the consummation of "settlements", many of which are paid by people who did not actually download plaintiffs' adult movies, but who do not wish to incur the expense, uncertainty and potential embarrassment of defending themselves. As Judge Wright (who was assigned to a Malibu Media case in the Central District of California), noted: "The Federal Courts are not cogs in a plaintiff's

6

copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial. Malibu Media, LLC v. John Does 1-10, No. 2012 CV 3635 (C.D. Cal. June 27, 2012).

Under Rule 45(c)(3), the Court should quash or modify a subpoena to a non-party witness that "subjects a person to undue burden". Fed.R.Civ.P. 45(c)(3)(A)(iv). When determining if a burden is undue, the Court must ascertain whether "the burden of compliance with the subpoena would exceed the benefits of production of the material sought". Northwest Memorial Hospital v. Ashcroft, 362 F.3d 923 (7th Cir. 2004). When making that inquiry, the Court should consider the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Williams v. Blagojevich, No. 05 C 4673, 2008 WL 68680 (N.D. Ill. Jan 2, 2008) (quoting Simon Property Group, L.P. v. mySimon, Inc., 194 F.R.D. 639 (S.D. Ind. 2000).

Here, the Plaintiffs are attempting to justify the scope of the subpoenas by alleging some type of a scheme or conspiracy that would allow the procurement of the requested information. The Plaintiff is attempting to avoid all personal jurisdiction and joinder hurdles, and yet obtain the identifying information connected with dozens of IP address through a single lawsuit. (Of course, bringing suit against the individual Doe Defendants is not a part of the Plaintiff's model, because the Plaintiff intends to use the identifying information

7

to leverage and coerce a settlement without actually filing suit. (See, Digiprotect USA Corp., 2011 WL 1466073).

When evaluating the merits of a subpoena and the relevancy of the request, "a Court is not required to blind itself to the purpose for which a party seeks information". Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978). The Plaintiff should not be allowed to exploit the Court and its discovery procedures as a way to procure information about IP subscribers so it can then subsequently attempt to coerce a settlement with its "settlement negotiators" without ever intending to file suit.

The Plaintiff also ignores the fact that "IP subscribers are not necessarily copyright infringers." VPR Internationale v. Does 1-1017, 2011 U.S. Dist. LEXIS 64656 (C.D. Ill. April 29, 2011). The VPR Internationale Court (Judge Harold Baker) explains that while "an IP address might actually identify an individual subscriber and address, the correlation is still far from perfect…the infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." Id. Requesting subscriber information that may or may not be the alleged copyright infringer annoys the non-infringer and almost certainly leads to attorneys' fees and costs, regardless of whether the subscriber infringed the work. In addition, the request burdens a third party ISP with a request for information about an act that may or may not be actionable against any particular Doe Defendant.

Respectfully, the Subpoena referencing Doe Defendant No. 35 should be quashed.

## **CONCLUSION**

Accordingly, Doe Defendant No. 35 respectfully requests this Court grant the Motion to Sever and Dismiss and Motion to Quash the Outstanding Subpoena and provide the following relief:

    (1)    Sever and dismiss Doe Defendant No. 35 predicated on the improper joinder of the 49 Doe Defendants;

    (2)    Quash the outstanding subpoena served on Comcast as to Doe Defendant No. 35;

    (3)    For any other relief the Court deems just and proper.

Respectfully Submitted,

/s/     Alan Garrow          .
Attorney for John Doe No. 35

Alan L. Garrow
Nealis & Garrow, P.C.
510 S. Batavia Avenue
Batavia, IL  60510
630-879-1213