FILED
JAN 2 0 2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

MALIBU MEDIA, LLC

Plaintiff,

v.

John Does 1-49

Defendants

Case No. 1:12-cv-06676

Honorable Robert M. Dow, Jr.

## MOTION TO DISMISS PURSUANT TO

## FEDERAL RULES OF CIVIL PROCEDURE 4(m) & 41(b)

NOW COMES JOHN DOE #1 ("Doe"), pro se, who moves this Honorable Court to dismiss the above captioned inactive action, <u>with prejudice</u>, as follows:

### I. Introduction & Procedural History

**874 days ago**, Malibu Media, LLC ("Malibu") filed the Complaint in this matter. The Complaint alleged, inter alia, that Doe directly infringed on Malibu copyrights by illegally downloading and distributing certain pornographic films using the BitTorrent protocol Id. After Doe's motion to quash was denied and motion to proceed anonymously was granted the plaintiff proceeded to dismiss all but two of "doe" defendants in the case that had filed motions. As of the filling of this motion, it has been **356 days,** the since any activity occurred with above case on January 21st, 2014.

### II. Applicable Law

Illinois Local rule LR41.1. Dismissal for Want of Prosecution or By Default states that "Cases which have been inactive for more than six months may be dismissed for want of prosecution."

A court must dismiss any action after a Plaintiff fails to serve a defendant within 120 days of filing a complaint. Fed. R. Civ. P. 4(m) (emphasis added). The Seventh Circuit has consistently held

that a plaintiff who fails to serve a defendant with summons may face a dismissal of the action. *Williams v. Illinois, 737 F.3d 473, 486 (7thCir. 2013);O'Rourke Bros., Inc. v. Nesbitt Burnes, Inc., 201 F.3d 948, 952 (7th Cir. 2000); Powell v. Starwalt, 866 F.2d 964, 966 (7th Cir. 1989); Dewy v. Farchone, 460 F2d 1338, 1340-41 (7th Cir. 1972)*. When the delay in service is sufficiently extensive, it can be indicative of a failure to prosecute under Fed. R. Civ. P. 41(b). Id. Courts can sua sponte dismiss cases for failure to prosecute. *See, Link v. Wabash R.R., 370 U.S. 626, 630 (1962)*. In fact, it is not required that a defendant be prejudiced by the delay in order to secure a dismissal of the action, with prejudice. *O'Rourke Bros., Inc., 201 F.3d at 952, citing, Washington v. Walker, 734 F.2d 1237 (7th Cir. 1984)*.

### III. Application

#### A. Rule 4(m) dictates that this case must be dismissed

Rule 4(m) requires defendants to be served within 120 days of the filing of a Complaint. Fed. R. Civ. P. 4(m). If the defendant is not so served, the matter <u>must</u> be dismissed. Id. **This matter was filed eight hundred and seventy four days ago (874) and has been inactive (in limbo) for three hundred and fifty six days (356).** In the aforementioned time period, no defendant have been named, served, no extensions of time for service have been sought, let alone granted. The case should be dismissed

#### B. There is no good cause for an extension of time

In fairness, Rule 4(m) allows for an extension of time for service, but only upon a showing of good cause. Id. There is no good cause here. It must go uncontroverted that Malibu is well aware of Rule 4(m). Malibu regularly files for extensions of time and is, perhaps, the most prolific filer of copyright suits, ever, having filed at **least 1,449 cases**. Accordingly, Malibu's failure to seek an extension before the deadline, or in the hundreds of days since is inexcusable. 1See, e.g., Order, Malibu Media, LLC v. Doe, Docket 13-cv-5486 (PAED May 30, 2014) (granting a fifth motion for extension of time). Despite existing only a few years, a PACER search for Malibu Media as a party in a copyright case will return at least over one thousand cases.

### C. While not required for dismissal with prejudice for want of prosecution, Doe has been prejudiced by the delay

While it does not to show prejudice to obtain the relief sought, Doe does so here. The O'Rourke court specifically asked itself "whether a dismissal for prejudice for failure to prosecute when the defendant has not been served is order beyond the court's power." 201 F.3d at 952. It had a one-word answer, "no." Id. Nonetheless, the Supreme Court has noted that Rule 41(b) dismissals typically involve a defendant that has to work to meet the merits of the case. *Costello v. United States*, 365 U.S. 265, 286 (1961).

Doe has been forced to waste its time, emotional energy, money, and other resources to research case law, construct motions, all while being a low income individual, and so on. Defendant has done so despite not being named or served for eight hundred and seventy four days and being in limbo for three hundred and fifty six days, nearly three times the amount of time required to serve a defendant.

The time period, over 874 days since filing, and 356 days since the last activity of the case, both beyond deadline, is indicative of Malibu's want of prosecution. No summons has been issued, no service has been had, and no request for a waiver of service has been received by Doe. Additionally, Doe as noted above, has been prejudiced sufficiently to obtain a dismissal of this action for want of prosecution.

### IV. Conclusion

For the foregoing reasons, Doe respectfully requests that the action be dismissed, with prejudice.

Respectfully submitted,

/s/ John Doe #1

Pro Se,

johndoe149malibu@gmail.com

## Certificate of Service

I certify that on January 20, 2015 a copy of this document was faxed to the following participant:

Paul J. Nicoletti, Esq (P44419)
36880 Woodward AVE, Suite 100
Bloomfield Hills, MI 48304
Tel: (248) 203-7800
Fax: (248) 203-7801
E-Fax: (248) 928-7051
Email: Paul@nicoletti-associates.com
Attorneys for Plaintiff

Dated: January 20th

/s/ John Doe #1
Pro Se,

johndoe149malibu@gmail.com